## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 15 2019, 9:50 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Rory Gallagher
Marion County Public Defender
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Steven Conrad,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | February 15, 2019<br><br>Court of Appeals Case No.<br>18A-CR-1899<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Kurt Eisgruber, Judge<br><br>The Honorable Steven J. Rubick, Magistrate<br><br>Trial Court Cause No.<br>49G01-1705-F5-18057 |

**Vaidik, Chief Judge.**

[1] During the summer of 2018, Steven Conrad was convicted of Level 5 felony burglary and given a sentence of three years, with two years to serve through Marion County Community Corrections and one year suspended to probation. The trial court ordered Conrad to begin the executed portion of his sentence on home detention but gave community corrections "discretion to move him to other components as deemed appropriate." Tr. p. 91. The court added, "He'll be placed on a sliding scale for his community corrections monitoring fees." *Id.*; *see also* Appellant's App. Vol. II pp. 10, 13.

[2] Conrad now appeals, arguing that it is the responsibility of the trial court to set an offender's home-detention fee and that the trial court improperly delegated that responsibility to community corrections in this case. We agree as to the first part. Indiana Code section 35-38-2.5-6(7) provides that an order for home detention must include, among other things, "[a] requirement that the offender pay a home detention fee **set by the court**[.]" (Emphasis added.) The second part of Conrad's argument may be correct, too, but we do not have enough information to know one way or the other. All the trial court said was that Conrad would be "placed on a sliding scale for his community corrections monitoring fees." There is no indication in the record of what "sliding scale" the court was referring to, who established the scale, or who administers it, so we have no way of knowing whether the court intended to delegate any statutory responsibility to community corrections. Therefore, we vacate the part of the sentencing order relating to the community-corrections/home-

detention fee, but we remand this matter to give the trial court an opportunity to clarify its intent regarding that fee.

[3] Reversed and remanded.

Mathias, J., and Crone, J., concur.